IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY I. LAFFERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-00049 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN COLVIN, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the final decision of the Commissioner. The R & R was filed on October 21, 2014, and Plaintiff Kimberly I. Lafferty ("Plaintiff") filed a timely Objection on November 7, 2014. The Commissioner did not respond in any fashion, and the matter is now ripe for review. See Fed. R. Civ. P. 72(b)(2). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's Objection, adopt the R & R of the Honorable Joel C. Hoppe, grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the final decision of the Commissioner.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On June 30, 2010, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act. (R. at 82–91); see 42 U.S.C. §§ 1381–1383f (2014). In her application, Plaintiff alleged that she had been disabled since July 1, 2008, due to a combination of: fibromyalgia; diabetes; degenerative disc disease; vertigo; rheumatoid arthritis; carpel tunnel

- 1 -

syndrome; chronic obstructive pulmonary disease ("COPD"); depression; anxiety; "nerve problems"; high cholesterol; narcolepsy; migraines; panic attacks; and sinus and allergy issues. (R. at 92.)  The state agency initially denied Plaintiff's applications on October 12, 2010, and again upon reconsideration on April 7, 2011.  (See R. at 16;89–90; 104.)

On March 12, 2012, Plaintiff appeared with counsel before Administrative Law Judge R. Neely Owen ("the ALJ").  (R. at 16.)  Vocational expert Ashley Wells and Plaintiff's husband, Roger Lafferty, both testified at the hearing.  (R. at 16, 66–79.)  In a written decision dated May 22, 2012, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.  (R. at 16–28.)  He found that Plaintiff has the following severe impairments: degenerative disc disease, fibromyalgia, and diabetes mellitus.  (R. at 18–21 (citing 20 C.F.R. § 416.920(c)).) Although Plaintiff alleged disability due to COPD, the ALJ noted that Plaintiff's treatment notes "made no mention of any complaints or complications arising from her COPD."  (R. at 19.)  He found that Plaintiff did not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 21–22 (citing 20 C.F.R. §§ 416.920(d), 416.925, and 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: (1) she is limited to lifting/carrying twenty pounds occasionally and ten pounds frequently; she can stand/walk six hours in an eight-hour day; she can sit six hours and in eight-hour day; she can push/pull occasionally with her right upper extremities; and she can occasionally reach overhead.  (R. at 22.)  Furthermore, the ALJ limited Plaintiff to occasionally climbing ramps/stairs/ladders/ropes/scaffolding, limited kneeling and crawling, and frequent balancing and crouching.  (Id.)  The ALJ determined that

- 2 -

Case 4:13-cv-00049-JLK-JCH   Document 24   Filed 01/13/15   Page 2 of 12   Pageid#: 392

Plaintiff was capable of performing past relevant work as a cashier. (R. at 28.) Accordingly, he concluded that Plaintiff was not disabled within the meaning of the Act. (R. at 28.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on July 2, 2013. (R. at 1–4.)

On August 29, 2013, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 1].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration.[1] Plaintiff and the Commissioner filed cross-motions for summary judgment. (Pl.'s Mot. Summ. J., March 3, 2014 [ECF No. 16]; Def.'s Mot. Summ. J., March 28, 2014 [ECF No. 18].) On October 21, 2014, Judge Hoppe filed his Report and Recommendation, recommending that I affirm the final decision of the Commissioner. (R & R, Oct. 21, 2014 [ECF No. 22].) On November 7, 2014, Plaintiff filed a timely Objection to the R & R. (Pl.'s Obj., Nov. 7, 2014 [ECF No. 23].) The Commissioner did not respond, so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but

---

[1] The case was initially referred to the Honorable Robert S. Ballou on January 7, 2014 [ECF No. 12], and then later referred to the Honorable Joel C. Hoppe on February 24, 2014 [ECF No. 15].

- 3 -

less than a preponderance of the evidence.  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant.  20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability).  The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence.  20 C.F.R. §§ 404.1527, 416.927 (2014).  Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner.  See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).  If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision.  Laws, 368 F.2d at 642.  In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]"  Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

### III. DISCUSSION

Plaintiff has filed five Objections to Judge Hoppe's Report and Recommendation.  I will address each one in turn.

First, Plaintiff argues, "The Court erred in finding that the RFC of consultative examiner Dr. Charles Scott 'does not necessarily limit Lafferty to sedentary work.'"  (Pl.'s Obj. pg. 1 (citing R & R pg. 9).)  She objects to Judge Hoppe's reliance on Patterson v. Colvin, Case No. 5:12-cv-63, 2013 WL 3035792 (W.D.N.C. June 17, 2013), in support of his conclusion.  In

---

[2] Or the secretary's designate, the ALJ.  See Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

essence, Plaintiff contends that, because Dr. Scott limited Plaintiff to standing one and one-half (1.5) hours in an eight-hour workday, Plaintiff was limited solely to sedentary work.

I agree with Magistrate Judge Hoppe and the Patterson court. "The applicable regulation does not specifically require that a claimant limited to [1.5] hours of walking or standing in a workday be classified as sedentary." The regulation defining light work states:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, ***or when it involves sitting most of the time with some pushing and pulling of arm or leg controls***. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2014) (emphasis added). As in Patterson, the ALJ was not required to find that Plaintiff could perform a full range of light work; even if the ALJ accepted Dr. Scott's opinion *en toto*, Plaintiff could still be found to be capable of performing a range of light work. Based on Dr. Scott's limitations regarding Plaintiff's RFC, Plaintiff is capable of performing jobs "when it involves sitting most of the time with some pushing or pulling or arm or leg controls." 20 C.F.R. § 404.1567(b).

Moreover, the Objection has little relevance considering that the ALJ rejected the portion of Dr. Scott's opinion on which Plaintiff relies. The ALJ concluded that Dr. Scott "relied too heavily on [Plaintiff's] subjective complaints in determining that she could stand 1.5 hours in an 8-hour day and occasionally bend or stoop . . . ." (R. 27.) Thus, the ALJ concluded that Plaintiff was limited to light work "except that she is limited to . . . standing/walking 6 hours in an 8-hour

- 5 -

workday . . . ." (R. 22.)  Such a limitation places her squarely in the "light work" category, so the Objection will be overruled.

Plaintiff's second Objection is that the ALJ erred in rejecting Dr. Scott's RFC opinion in favor of the state-agency physician's opinion.  In evaluating medical opinions, the ALJ should consider the following non-exclusive factors:  "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'"  Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (quoting Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)).  Courts "typically accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant."  Id. (internal quotations omitted).  Nevertheless, the treating physician's opinion is not entitled to this deference if it proves inconsistent with the objective evidence or other substantial evidence in the record.  See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (citing Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)); 20 C.F.R. § 404.1527(d)(2)); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).  "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians."  Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (citing Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996)).  Accordingly, "[t]he ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole."  Id. (citing Bentley v. Shalala, 52 F.3d 784, 786 (8th 1995)).

In the present case, there is sufficient evidence to support the ALJ's decision that Dr. Scott's RFC opinion was inconsistent with the objective medical evidence.  The most compelling

evidence on this point is the difference in opinions between Dr. Scott (a treating physician) and Dr. Cole (Plaintiff's "main treating physician" (R. 27)). Whereas Dr. Scott believed that Plaintiff should be limited to standing no more than 1.5 hours in an 8-hour workday, an opinion Plaintiff asserts clears her for sedentary work at most, Dr. Cole cleared Plaintiff for work as a bus driver, a job "which the vocational expert classified as medium work." (R. 27.) While the ALJ likewise rejected Dr. Cole's implicit opinion as to the level of work of which Plaintiff is capable, it is clear that there is a conflict in the evidence among Plaintiff's own treating physicians. Moreover, those opinions conflicted with the state-agency physician's opinion that Plaintiff was capable of "less than light" work. (See id.)

The ALJ sufficiently outlined the objective medical evidence that justified his decision to afford less than deferential weight to Dr. Scott's opinion. For example, with regards to Plaintiff's degenerative disc disease, the ALJ noted a "lack of diagnostic testing and objective medical evidence." (R. 25.) Plaintiff's medical records lack some of the symptoms that one would expect from a diagnosis like Plaintiff's, including "cyanosis, clubbing, or edema in her extremities." (R. 25.) Plaintiff also exhibited "full strength in her extremities at her consultative exam," and her "treatment . . . was minimal and conservative." (R. 25.) With regard to Plaintiff's fibromyalgia, the ALJ noted that Plaintiff "has reported limited symptoms, signs, and treatment for this condition that suggest it is not as severe as she contends." (R. 26.) Finally, the ALJ noted that Plaintiff's activities of daily living were inconsistent with someone claiming her level of disability. During the period she claimed she was disabled, Plaintiff attended training to become a school-bus driver and aid, and she actually earned some money doing that job between January and February of 2012. (See R. 26.) In her Objection, Plaintiff does not take issue with the ALJ's factual recitations, and I see nothing in the Record to indicate that he was wrong. As

such, the ALJ sufficiently justified his decision to give Dr. Scott's opinion less than controlling weight.

Additionally, Plaintiff argues that the ALJ did not "fully explain his findings" with regard to his rejection of Dr. Scott's RFC opinion. She also contends that the Magistrate Judge justified the ALJ's opinion for him and that Judge Hoppe erred in "build[ing] a logical bridge that the ALJ should have built himself." (Pl.'s Obj. pg. 3, Nov. 7, 2014 [ECF No. 23].) I agree with Plaintiff that it is the ALJ's job to justify his decision, but I do not believe the ALJ failed to justify it in this case. As stated above, there is evidence in the Record to justify the ALJ's decision to reject Dr. Scott's RFC opinion. Likewise, I believe the Record supports finding Plaintiff's RFC to be between Dr. Scott's very limited classification (sedentary work) and Dr. Cole's more expansive implied classification (medium work).

Plaintiff's next contends that Judge Hoppe[3] "erred in finding [P]laintiff failed to explain how 'objective medical findings substantially support' Dr. Scott's opinion regarding standing." (Pl.'s Obj. pg. 3.) In this objection, Plaintiff attempts to reargue the factual bases underpinning her argument. (See, e.g., id. pgs. 3–4 ("In her memorandum plaintiff cited specific medical evidence documenting plaintiff's severe degenerative changes at L5-S1 with narrowing of the L5-S1 disc space and multilevel facet arthropathy as shown on x-rays.").) As stated above, however, the ALJ justified his decision to reject Dr. Scott's RFC opinion with specific references to Plaintiff's medical record. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Plaintiff is relying on conflicting evidence and is asking that I

---

[3] In her Objection, Plaintiff attributes this alleged error to the ALJ, but it is clear from the Record that she is objecting to portions of Judge Hoppe's R & R.

substitute her judgment for that of the Secretary.  That is not the province of this Court at this stage.

In her fourth Objection, Plaintiff argues, "The Court erroneously found that the ALJ properly rejected Dr. Scott's opinions regarding manipulative limitations.  The Court erred in finding [P]laintiff did not cite specific evidence that supports Dr. Scott's opinions regarding all other reaching, handling, feeling, grasping, or fingering."  (Pl.'s Obj. pg. 4.)  Although she attempts to reargue the facts of her case, see supra pg. 8, Plaintiff's Objection actually attacks the ALJ's decision to reject Dr. Scott's opinion.  As stated above, see supra pgs. 7–8, there is evidence in the Record to support the ALJ's decision not to give greater weight to Dr. Scott's opinions.  See, e.g., Craig, 76 F.3d at 589–90 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Turning to the assertion that "[t]he Court erred in finding [P]laintiff did not cite specific evidence that supports Dr. Scott's opinions regarding" manipulative limitations (see R & R pg. 14), Plaintiff cites several pieces of evidence that she contends establish manipulative limitations that the ALJ did not impose when determining her RFC.  (See R. at 22–27.)  The problem with Plaintiff's argument is that she is relying on an opinion that no physician holds.  Contrary to her argument here, Dr. Scott did not state that Plaintiff suffered from the manipulative limitations she outlines; he stated that she "***would only have*** manipulative limitations on reaching, handling, grasping, or feeling ***if*** she were having difficulty with carpal tunnel," but that wearing her brace would help alleviate any such limitations. (R. at 265 (emphasis added).)  Dr. Scott's diagnosis of carpal tunnel syndrome was coupled with a "fair" prognosis, and he did not specify any

limitations because of Plaintiff's carpal tunnel syndrome.[4]  (See R. at 264–65.)  As the ALJ noted, Plaintiff had only a single "physical exam[] or complaint[] indicating that her carpal tunnel syndrome even minimally affected her ability to carry out basic, work-related activities." (R. at 19.)  On the Record before me, I cannot take issue with the ALJ's conclusion that Plaintiff's carpal tunnel syndrome is a non-severe impairment.  As such, because Plaintiff's fourth Objection hinges on the determination that her carpal tunnel syndrome is limiting, I will overrule the Objection.

Plaintiff's final Objection is that, "The Court erroneously found that the ALJ's credibility determination 'reflects a careful and generally accurate review of the entire record.'"  (Pl.'s Obj. pg. 5.)  Plaintiff essentially objects to the ALJ's determination that Plaintiff's statements describing her level of pain and functioning were not entirely credible.  (See R. at 25–26.) "Reviewing courts owe deference to factual findings, assessing them only to determine whether they are supported by substantial evidence.  When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'"  Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting NLRB v. Air Products & Chemicals, Inc., 717 F.2d 141, 145 (1951)).  "Exceptional circumstances include cases where 'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'"  Id. (quoting NLRB v. McCullough Environmental Servs., Inc., 5. F3d 923, 928 (5th Cir. 1993)).  Accord Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 68 (4th Cir. 2014).

When reviewing the Record in this light, it is clear that the ALJ supported his decision with evidence from the Record, and that his decision was not "unreasonable" or "based on an inadequate reason or no reason at all."  Eldeco, Inc., 132 F.3d at 1011.  He described the

---

[4] Dr. Scott's list of limitations was more expansive that those adopted by the ALJ.

variations between Plaintiff's subjective complaints of pain and the objective physical findings. (See R. at 22–25.) He noted the "lack of diagnostic testing and objective medical signs, indicating that the claimant's symptoms are not as severe as she alleges." (R. at 25.) He pointed out that her treatment for degenerative disc disease was "minimal and conservative," which he determined "weighs against her claims of severity and disability." (R. at 25–26.) The ALJ discussed that Plaintiff reported "limited symptoms, signs, and treatment" for her fibromyalgia, which suggests "it is not as severe as she contends." (R. 26.) In terms of her diabetes mellitus, the ALJ noted that Plaintiff "had significant gaps between her reported symptoms, she did not have a full-blown onset of [diabetes mellitus] until February 2012, and this condition appeared to improve with treatment." (R. 26.) Finally, with regard to Plaintiff's activities of daily living, the ALJ concluded that Plaintiff's activities "are not limited to the extent of someone who is alleging a disability." (R. 26.) In her Objection, Plaintiff does not point out any factual inaccuracy in the ALJ's detailed explanation of why he found Plaintiff less than credible. Plaintiff merely disagrees that the facts recited lead to the ALJ's conclusion.

  Reasonable minds could certainly differ on the conclusion the ALJ reached. The standard of review, however, is not whether Plaintiff or I agree with the ALJ's conclusion. The standard is whether a "reasonable mind" could reach the same conclusion as the ALJ, and whether that conclusion is supported by "substantial evidence." See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Here, the ALJ adequately explained his conclusion and supported it with uncontroverted facts from the Record. Plaintiff's Objection will be overruled.

## IV. CONCLUSION

For the foregoing reasons, I find that substantial evidence supports the final decision of the Commissioner. I have reviewed the remainder of the Record for clear error and, finding none, I will overrule Plaintiff's Objections, adopt Judge Hoppe's R & R, grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, affirm the final decision of the Commissioner, and dismiss this case from the active docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 13th day of January, 2015.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE